# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS EVERETTE,

    Petitioner,     :     Case No. 3:10-cv-343

    -vs-      :     District Judge Walter Herbert Rice
                          Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,
Warren Correctional Institution,
                                 :

    Respondent.

## REPORT AND RECOMMENDATIONS; ORDER DENYING APPOINTMENT OF COUNSEL

Petitioner Thomas Everette brought this action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus (Petition, Doc. No. 1). On the Court's order, Respondent filed a Return of Writ (Doc. No. 6) and Petitioner has filed a Reply (Doc. No. 8).

At the same time as his Reply, Petitioner moved for the appointment of counsel (Doc. No. 7). Appointment of counsel in non-capital cases is discretionary unless an evidentiary hearing is ordered. Since it does not appear that an evidentiary hearing is required in this action and funds for appointed counsel are scarce, the Motion is denied.

Petitioner was convicted in the Montgomery County Common Pleas Court of two counts of aggravated murder and one count each of aggravated robbery, theft of a motor vehicle, and having a weapon under disability, along with firearm specifications. He was sentenced to an aggregate sentence of life in prison with parole eligibility after twenty-eight years. He pleads the following

grounds for relief:

>**Ground One:** The trial court erred by conducting proceeding outside the presence of appellant.
>
>**Supporting Facts:** Appellant was absent while several hearings were held as the jury deliberated including a motion for mistrial.
>
>**Ground Two**: The trial court erred by admitting evidence where its probative value was substantially outweighed by the danger of unfair prejudice.
>
>**Supporting Facts:** Admission of State's exhibits 6-9, graphic exit wound photographs, were so gruesome that one juror became so upset that proceedings had to be halted.
>
>**Ground Three:** Trial court erred in its supplemental instructions to the jury, violating appellant's right to due process.
>
>**Supporting Facts:** After a jury clearly stated that it could not reach a verdict without the surrender of honest convictions, the trial judge instructed jury to continue deliberations thereby pressuring jurors to set aside honest convictions for the sake of reaching unanimous verdict.

(Petition, Doc. No. 1).

Respondent asserts that all of Petitioner's claims are procedurally defaulted by his failure to take a timely appeal to the Ohio Supreme Court after his conviction was affirmed by the Second District Court of Appeals (Return of Writ, Doc. No. 6, PageID 35).

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will

result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407 (2001); *Eley v. Bagley*, 604 F.3d 958, (6th Cir. 2010).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F.2d, at 138.

The record shows that the Court of Appeals final judgment was entered October 30, 2009 (Return of Writ, Doc. No. 6, Ex. 15). Under Ohio Sup. Ct. Prac. R. 2.2(A)(1), Petitioner was required to file his notice of appeal in the Ohio Supreme Court not later than forty-five days later; in this case that date would have been December 14, 2009.

Petitioner argues his appeal was properly filed, but sent back to him because his Memorandum in Support of Jurisdiction was not signed (Reply, Doc. No. 8, PageID 329). Petitioner's Notice of Appeal bears date stamps showing it was received by the Clerk of the Ohio Supreme Court on November 20, 2009; December 8, 2009; December 30, 2009; and finally on January 13, 2010, whereupon it was stamped "filed." (Return of Writ, Doc. No. 6, Ex. 12, PageID

157).  The record contains a November 23, 2009, letter from a deputy clerk returning Petitioner's appeal papers because he had not submitted a memorandum in support of jurisdiction and his affidavit of indigency was not notarized; Petitioner was notified of the December 14, 2009, deadline. (Return of Writ, Doc. No. 6, Ex. 13  PageID 162.)  A later December 8, 2009, letter from another deputy clerk of the Ohio Supreme Court returning Petitioner's appeal papers because

> • Your memorandum in support of jurisdiction and your motion for appointment of counsel do not contain certificates of service as required by Rule XIV, Section 2(C)(l );
>
> • Your memorandum in support of jurisdiction is not signed as required by Rule VIII, Section 3.

The deputy clerk also advised Petitioner that his corrected papers could be resubmitted as long as they were received not later than the close of business on December 14, 2009, and that, if the case involved a felony, he could move for a delayed appeal. *Id.*  PageID 162.  On March 9, 2010, the Ohio Supreme Court denied Petitioner's December 30, 2009, motion for leave to file a delayed appeal (Return of Writ, Doc. No. 6, Ex. 14, PageID 178).  That order is in the Ohio Supreme Court's standard form and gives no explanation for its decision.

State procedural rules bar federal habeas corpus review only if the rules are "firmly established and regularly followed."  *Rogers v. Howes,* 144 F.3d 990 (6th Cir. 1998); *Jones v. Toombs,* 125 F.3d 945, 946-47 (6th Cir. 1997); *James v. Kentucky*, 466 U.S. 341, 348-49 (1984); *Ford v. Georgia*, 498 U.S. 411, 423-24, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Barr v. City of Columbia*, 378 U.S. 146 (1964). The adequacy of the state ground is determined by examining the State's legitimate interests in the procedural rule in light of the federal interest in considering federal claims. *Maupin, citing Henry v. Mississippi,* 379 U.S. 443, 446-48 (1965). The adequacy of a state procedural bar is itself a federal question. *Cone v. Bell,* 556 U.S. ___ ,129 S. Ct. 1769, 173 L. Ed.

2d 701 (2009), citing *Lee v. Kemna*, 534 U.S. 362, 375 (2002); see also *Coleman v. Thompson*, 501 U.S. 722, 736 (1991).

All of the rules cited to Petitioner by the Ohio Supreme Court deputy clerks are established by being made part of published printed rules of practice by that court. The Ohio Supreme Court is granted authority to prescribe rules of practice for Ohio courts by the Ohio Constitution, Art. IV, § 5(B).[1]

The interests of the State of Ohio in these rules, at least collectively, is evident. A signature on a pleading in court is needed to authenticate it. A certificate of service ensures that a court is not considering papers ex parte, which would violate fundamental notions of due process. Finally, the memorandum in support of jurisdiction is necessary to explain to the Ohio Supreme Court why it should consider this case, as contrasted with the thousands of other cases presented to it for consideration every year. Given those interests, the Magistrate Judge finds the state rules involved are adequate. In this particular case, Petitioner was given multiple chances to comply with the rules are particularly advised how his papers did not comply.

Under governing Sixth Circuit precedent, the time limit of forty-five days for filing papers in proper form is also an adequate and independent state rule. *Bonilla v. Hurley,* 370 F.3d 494 (6th Cir. 2004).

**Conclusion**

---

[1] "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. ... All laws in conflict with such rules shall be of no further force and effect after such rules have taken effect." Art. IV, §5(B)  This provision was added by the Modern Courts Amendment in 1968.

Because Petitioner failed to timely appeal in the required manner from the decision of the Ohio Court of Appeals, he has procedurally defaulted on his claims and they should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability. Because any appeal would be objectively frivolous, Petitioner should be denied leave to appeal *in forma pauperis*.

December 18, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).