**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

THOMAS EVERETTE,

        :

    Petitioner,                                         Case No. 3:10-cv-343

        :                  District Judge Timothy S. Black
   -vs-                                          Magistrate Judge Michael R. Merz

MICHAEL SHEETS, Warden,
 Warren Correctional Institution,

        :

    Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

       This habeas corpus case is before the Court on Petitioner Thomas Everette's Objections (Doc. No. 10) to the Magistrate Judge's Report and Recommendations (Doc. No. 9) recommending that this case be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

       Petitioner pleads three grounds for relief with respect to his conviction for aggravated murder and life sentence. Respondent filed an Answer which seeks dismissal, asserting all three claims are procedurally defaulted by Petitioner's failure to timely appeal to the Ohio Supreme Court from affirmance of his conviction in the Montgomery County Court of Appeals. The Magistrate Judge agreed, noting in the Report that the final judgment in the Court of Appeals was entered on October 30, 2009, and, despite several attempts, Petitioner did not succeed in actual filing in the Supreme Court until almost a month after the deadline. The Report concluded the Ohio Supreme Court

practice rules enforced against Petitioner were adequate and independent state grounds for decision.

Petitioner objects that the Ohio Supreme Court never actually enforced a procedural default against him (Objections, Doc. No.10, PageID 360). He particularly notes that its denial of his motion for delayed appeal was unexplained. *Id.* Therefore, he asserts. the case is preserved for review on the merits because the lower courts reached the merits of his claims.

Sixth Circuit precedent on procedural default does indeed require that we find that the state courts actually enforced the procedural sanction. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149 (1979). As noted in the Report, Everette made several attempts to file an appeal of right prior to the December 14, 2009, deadline. Each time his papers were returned to him with an explanation of how they were incorrect and a repetition of the deadline. Thus the enforcement of procedural rules was by the Clerk of the Ohio Supreme Court refusing to file papers because they were incorrect in form; each of these refusal had an explanation. The Clerk of the Ohio Supreme Court has a mandatory duty to refuse filings that do not comply with the Court's Rules of Practice. *State, ex rel. Fuller, v. Mengel, Clerk,* 100 Ohio St. 3d 352, 500 N.E. 2d 25 (2003). There is no denial of federal due process rights in conferring these duties on a deputy clerk. *Metz v. Supreme Court of Ohio*, 2002 WL 1941012 (6th Cir. 2002).

Because he missed the deadline for filing an appeal of right, Everette filed a motion for delayed appeal, a step the Ohio Supreme Court Clerk advised him he could take. As noted in the Report, the Ohio Supreme Court issued its denial of the delayed appeal in its standard form, without any explanation. But the grant of a delayed appeal is a matter of discretion with the Ohio Supreme Court and this Court is aware of no authority which holds that court's denial of such a motion is

somehow a ruling on the merits or preserves a lower Ohio court's ruling on the merits for federal habeas review. Had the Ohio Supreme Court granted a delayed appeal, it might well be held to have forgiven any default that occurred when the appeal of right was not timely filed. But that is not what happened here. The procedural defaults enforced against Everette were those enforced by the Clerk in his attempted appeal of right.

Petitioner relies on *Sandgathe v. Maass*, 314 F.3d 371 (9th Cir. 2002), and *Bates v. Whitley*, 19 F.3d 1066 (5th Cir. 1994). *Sandgathe* is inapposite because there the appellate courts affirmed the trial court's decision without an opinion. Here the Ohio Supreme Court did not affirm the Court of Appeals; instead, it never took the case. *Bates* is also inapposite as it involved the effect of a first federal habeas corpus decision rendered on the merits but without opinion on the filing of a successive petition. Far from being supportive of review, the Fifth Circuit remanded for determination of whether the second petition constituted an abuse of the writ under pre-AEDPA law.

In his Objections, Everette does not attempt to show cause and prejudice to excuse his default, but asserts he can avoid it because he is actually innocent. It is correct that actual innocence can be used to excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478 (1986); " *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *House v. Bell,* 547 U.S. 518 (2006). However, to come within the actual innocence exception to the required showing of cause and prejudice with respect to an abuse of the writ, a habeas petitioner or §2255 movant must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent. That is, the petitioner must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt' in the light of the new evidence he or she is tendering. In reaching this conclusion, the habeas court may need to make credibility determinations. *Schlup, supra.* In House,

supra, the Court emphasized that the petitioner must present new evidence, discovered since the trial, of a scientific, physical, or reliable eyewitness nature. Here the Petitioner has presented no new evidence. Instead, he argues he was actually innocent because he was only convicted on the testimony of a prostitute and a crack dealer. But that evidence was actually heard by a jury and credited beyond a reasonable doubt. Petitioner has not presented any new evidence to contradict that testimony, however doubtful he may believe it was.

Having considered Petitioner's Objections, the Magistrate Judge again respectfully recommends that the Petition be dismissed with prejudice, without a certificate of appealability, and without leave to appeal *in forma pauperis*.

January 5, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).